Priority ✓
Send ✓
Enter ———
Closed ———
JS-5/JS-6 ———
JS-2/JS-3 ———
Scan Only ———

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CLERK, U.S. DISTRICT COURT

JAN 19 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

ROBERT CAVAZOS,

Petitioner(s),

v.

DAVID L. RUNNELS, WARDEN,

Respondent(s).

CASE NUMBER CV05-8266-ABC(JWJ)

NOTICE OF FILING OF MAGISTRATE
JUDGE'S REPORT AND
RECOMMENDATION

**TO:   ALL PARTIES OF RECORD**

You are hereby notified that pursuant to the Local Rules Governing Duties of Magistrate Judges, the Magistrate Judge's report and recommendation has been filed on January 19, 2006   a copy of which is attached.

Any party having objections to the report and recommendation shall, not later than **February 8, 2006**, file and serve a written statement of objections with points and authorities in support thereof before the Honorable **JEFFREY W. JOHNSON**, U.S. Magistrate Judge.

Failure to so object within the time limit specified shall be deemed a consent to any proposed findings of fact. Upon receipt of objections, or upon lapse of the time for filing objections, the case will be submitted to the District Judge for disposition. Following entry of judgment and/or order, all motions or other matters in the case will be  considered and determined by the District Judge.

The report and recommendation of Magistrate Judge is not a final appealable order. A notice of appeal pursuant to Federal Rules of Appellate Procedure 4(a)(1) should not be filed until entry of a judgment and/or order by the District Judge.

CLERK, UNITED STATES DISTRICT COURT

Dated: January 19, 2006
Attachment

DOCKETED ON CM
JAN 19 2006
BY            099

By Amalia Chevalier
        Deputy Clerk

M-51(6/98)   NOTICE OF FILING OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

1
2
3
4
5
6
7



FILED
CLERK, U S DISTRICT COURT

JAN 19 2006

CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

8    UNITED STATES DISTRICT COURT

9    CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

10

11   ROBERT CAVAZOS,                    )    Case No. CV 05-8266-ABC (JWJ)
                                         )
12                    Petitioner,        )    REPORT AND
                                         )    RECOMMENDATION
13   vs.                                 )    OF UNITED STATES
                                         )    MAGISTRATE JUDGE
14   DAVID L. RUNNELS, Warden,           )
                                         )
15                    Respondent.        )
                                         )
16   _____ )

17

18        This Report and Recommendation is submitted to the Honorable Audrey

19   B. Collins, United States District Judge, by United States Magistrate Judge

20   Jeffrey W. Johnson, pursuant to 28 U.S.C. § 636 and General Order 01-13 of

21   the United States District Court for the Central District of California.  For the

22   reasons discussed below, it is recommended that the instant Petition for Writ

23   of Habeas Corpus be dismissed with prejudice.

24

25                          I.  BACKGROUND

26        On November 22, 2005, petitioner Robert Cavazos, a state prisoner

27   proceeding pro se, filed in this Court a "Petition for Writ of Habeas Corpus by

28   a Person in State Custody (28 U.S.C. § 2254)" (hereinafter "Petition").

1   The Court has screened the Petition pursuant to 28 U.S.C. § 2243, Rule 4 of

2   the Rules Governing § 2254 Cases, the Federal Rules of Civil Procedure, and

3   the Local Rules of the Central District of California.

4         The screening of the Petition has revealed that on April 6, 1994,

5   petitioner was convicted in the Los Angeles County Superior Court of three

6   counts of first degree murder.  (Petition, p. 3.)  Petitioner was sentenced to life

7   without the possibility of parole.  (<u>Id.</u>)  On July 19, 1996, the California Court

8   of Appeal affirmed the conviction.  (<u>Id.</u>)  On October 2, 1996, the California

9   Supreme Court denied review.  (California Appellate Courts Home Page,

10  http://appellatecases.courtinfo.ca.gov.)

11        On July 29, 2004, petitioner filed for habeas relief in the California

12  Supreme Court; his petition was denied on June 15, 2005.  (California

13  Appellate Courts Home Page, http://appellatecases.courtinfo.ca.gov; Petition,

14  pp. 4-5.)  Petitioner now seeks relief in this Court.

15

16                            **II.  DISCUSSION**

17  **A.    The Instant Petition is Barred by the Statute of Limitations.**

18         1.    <u>Applicable Law.</u>

19        The instant Petition is governed by the provisions of the Antiterrorism

20  and Effective Death Penalty Act of 1996 ("AEDPA") because the Petition was

21  filed with this Court after April 24, 1996, the effective date of the AEDPA.

22  <u>Lindh v. Murphy</u>, 521 U.S. 320, 326-27, 117 S. Ct. 2059, 2063, 138 L. Ed. 2d

23  481 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1494 (9th Cir.) (en banc), <u>cert.</u>

24  <u>denied</u>, 479 U.S. 922, 118 S. Ct. 586, 139 L. Ed. 2d 423 (1997).

25        Under 28 U.S.C. § 2243, it is the duty of this Court to screen out

26  frivolous habeas corpus applications and eliminate the burden that would be

27  placed on the respondent by ordering an unnecessary answer.  <u>See</u> Rules

28  Governing Section 2254 Cases - Rule 4, Advisory Committee Notes, 1976

1   Adoption (citing <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir. 1970)).  A district

2   court may enter an order for the summary dismissal of a habeas petition if it

3   plainly appears from the face of the petition and any exhibits annexed to it that

4   the petitioner is not entitled to relief in the district court.  Rule 4, Rules

5   Governing Section 2254 Cases; <u>see also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490,

6   491 (9th Cir. 1990).

7         Since the instant Petition was filed after the effective date of the

8   AEDPA, the AEDPA's timeliness provisions apply.  <u>Lindh v. Murphy</u>, 521 U.S.

9   320.  The AEDPA imposes a one-year period of limitation for prisoners in state

10  custody to file a federal petition for writ of habeas corpus.  28 U.S.C. §

11  2244(d)(1).

12        From the face of the Petition, it appears the Petition is untimely.  A

13  violation of the statute of limitations is an affirmative defense to a habeas

14  petition and can also be raised <u>sua sponte</u> by the Court.  <u>Herbst v. Cook</u>, 260

15  F.3d 1039, 1042, n.3 (9th Cir. 2001).

16        Section 2244(d)(1) of Title 28 of the United States Code provides as

17  follows:

18        A 1-year period of limitation shall apply to an application for a
19        writ of habeas corpus by a person in custody pursuant to the
        judgment of a State court.  The limitation period shall run from
20        the latest of —
21              (A)   the date on which the judgment became final by the
                    conclusion of direct review or the expiration of the
22                    time for seeking such review;
23              (B)   the date on which the impediment to filing an
                    application created by State action in violation of the
24                    Constitution or laws of the United States is removed,
25                    if the applicant was prevented from filing by such
                    State action;
26              (C)   the date on which the constitutional right asserted was
27                    initially recognized by the Supreme Court, if the right
                    has been newly recognized by the Supreme Court and
28

- 3 -

made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In determining whether a petition is timely, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); see also Nino v. Galaza, 183 F.3d 1003, 1004 (9th Cir. 1999), cert. Denied, 529 U.S. 1104, 120 S. Ct. 1846, 146 L. Ed. 2d 787 (2000). However, the statute of limitations is not tolled between the time a final decision is issued on direct review and the time the first state collateral challenge is filed because there is no case "pending" during that time. Id. at 1006.

The statute of limitations is not a jurisdictional bar, and is subject to equitable tolling "if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Sperling v. White, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing Calderon v. U.S. District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), cert. denied, 522 U.S. 1099, 118 S. Ct. 899, 139 L. Ed.2d 884 (1998), and cert. denied, 523 U.S. 1061, 118 S. Ct. 1389, 140 L. Ed. 2d 648 (1998)).

2.    The Instant Petition.

Petitioner was convicted in the Los Angeles County Superior Court on April 6, 1994. Petitioner pursued direct relief through the California Supreme Court, which denied his petition for review on October 2, 1996. Petitioner then had 90 days, or until December 31, 1996, to file a petition for writ of

-4-

1   certiorari in the United States Supreme Court.  See Brambles v. Duncan, 330

2   F.3d 1197, 1201 (9th Cir. 2003); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th

3   Cir. 1999) (holding that the period of direct review in 28 U.S.C.

4   § 2244(d)(1)(A) includes the ninety-day period within which a petitioner can

5   file a petition for a writ of certiorari from the United States Supreme Court,

6   whether or not the petitioner actually files such a petition); Sup. Ct. Rule 13.

7   Since petitioner did not pursue relief in the United States Supreme Court, his

8   conviction became final on December 31, 1996.  The time between December

9   31, 1996, when petitioner's conviction became final, and July 29, 2004, the

10  date on which petitioner filed his only state habeas petition, is not tolled

11  because no case was "pending" during that time period.  See Nino v. Galaza,

12  183 F.3d 1003, 1006 (9th Cir. 1999).  Thus, the one-year limitations period

13  expired on December 31, 1997, nearly eight year before petitioner filed the

14  instant Petition.  Accordingly, the instant Petition is untimely.

15  **B.     Actual Innocence Claim.**

16          Petitioner appears to claim that he is actually innocent of the crime for

17  which he was convicted. (Petition, p. 7.)  In making this claim, petitioner has

18  triggered a potential exception to the statute of limitations.  Assuming without

19  deciding that an actual innocence exception to the statute of limitations exists,

20  it appears that petitioner does not qualify for such an exception.  See e.g.

21  Majoy v. Roe, 296 F.3d 770, 776-77 (9th Cir. 2002) (remanding for

22  determination whether petitioner satisfies exception and, if so, whether

23  exception exists).

24          Actual innocence can only be shown when a petitioner provides evidence

25  of his innocence so strong that a court cannot have confidence in his

26  conviction.  Schlup v. Delo, 513 U.S. 298, 316, 115 S. Ct. 851, 130 L. Ed. 2d

27  808 (1995).  To demonstrate actual innocence, "the petitioner must show that

28  it is more likely than not that no reasonable juror would have convicted him in

- 5 -

1 the light of the new evidence." Id. at 327.  As the Supreme Court explained,

2     To be credible, such a claim requires petitioner to support his

3     allegations of constitutional error with new reliable evidence --

4     whether it be exculpatory scientific evidence, trustworthy

5     eyewitness accounts, or critical physical evidence -- that was not

6     presented at trial.  Because such evidence is obviously unavailable

7     in the vast majority of cases, claims of actual innocence are rarely

8     successful.

9 Id. at 324.  "The Court bears in mind that in order to pass through the

10 gateway, a movant's case must be 'truly extraordinary.'"  United States v.

11 Zuno-Arce, 25 F. Supp. 2d 1087, 1102 (C.D. Cal. 1998) (citing Schlup v.

12 Delo, 513 U.S. at 327)).

13     Petitioner's claim of actual innocence does not appear to rely on any new

14 evidence.  Rather, petitioner asserts, without proof, that testimony provided by

15 a police detective was not trustworthy.  (Petition, pp. 6, 7; Memorandum in

16 Support of Petition, p. 6.)  Given that petitioner has failed to support his claim

17 with any new evidence, petitioner has not made out a credible claim of actual

18 innocence.  See Schlup v. Delo, 513 U.S. at 316; see also Felder v. Johnson,

19 204 F.3d 168, 171 n.8 (5th Cir.) (petitioner's mere claim (as opposed to

20 showing) of actual innocence is insufficient to merit tolling), cert. denied, 531

21 U.S. 1035, 121 S. Ct. 622, 148 L. Ed. 2d 532 (2000).  Accordingly, it appears

22 that petitioner is not entitled to tolling based on his actual innocence claim.

23 **C.    Petitioner May File Objections or an Amended Petition.**

24     A district court may sua sponte dismiss a habeas petition on statute of

25 limitations grounds, so long as the court provides the petitioner adequate

26 notice of its intent to dismiss and an opportunity to respond.  Herbst v. Cook,

27 260 F.3d 1039, 1042, n.3 (9th Cir. 2001).  Accordingly, this Report and

28 Recommendation is intended to notify petitioner of the Court's intention to

1   dismiss the Petition.

2       If petitioner desires to respond and show the Court that he satisfies the

3   statute of limitations, or is eligible for statutory tolling, tolling at common law,

4   or equitable tolling, petitioner may file Objections to this Report and

5   Recommendation, or petitioner may elect to file a First Amended Petition, as

6   discussed more fully infra, no later than the end of the period in which

7   objections to this Report and Recommendation must be filed.  See

8   Rule 8(b)(3), Rules Governing Section 2254 Cases in the United States

9   District Courts (objections due to magistrate's proposed findings and

10  recommendations from any party within ten days after being served with

11  proposed findings and recommendations); Local Rules – Central District of

12  California, Rule 72-3.4 (where petitioner is in custody, time for filing

13  objections shall be twenty days).[1]

14      If petitioner elects to file a First Amended Petition, the First Amended

15  Petition must be labeled with the case number assigned to this case and must

16  be labeled "First Amended Petition."  In addition, petitioner is informed that

17  the Court cannot refer to a prior pleading in order to make petitioner's First

18  Amended Petition complete.  Local Rule 15-2 requires that an amended

19  pleading be complete in and of itself without reference to any prior pleading.

20  This is because, as a general rule, an amended pleading supersedes the original

21  pleading.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

22      Petitioner must use and complete another form "Petition for Writ of

23  Habeas Corpus by a Person in State Custody" for the First Amended Petition.

24  In addition, the First Amended Petition must comply with Rule 4 of the Rules

25  _____

26      [1]If petitioner elects to file Objections to this Report and Recommendation, rather
27  than a First Amended Petition, the Court will review the Objections upon their receipt
    and then consider whether petitioner should be allowed additional time in which to file
28  a First Amended Petition.

1  Governing § 2254 Cases, the Federal Rules of Civil Procedure, and the Local
2  Rules of the Central District of California.
3      If petitioner elects to file a First Amended Petition, the First Amended
4  Petition must clearly show that petitioner is eligible to proceed with the instant
5  Petition under the one-year statute of limitations set forth at 28 U.S.C.
6  § 2244(d)(1) before the Court will order respondent to answer the Petition.
7  See Rules Governing Section 2254 Cases, Rule 4, Advisory Committee Notes,
8  1976 Adoption (citing Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)).
9      If petitioner has knowledge of "new reliable evidence . . . not presented at
10 trial" that is so strong that this Court cannot have confidence in his conviction,
11 Schlup v. Delo, 513 U.S. at 316, 324, he may present that evidence to this
12 Court by filing either Objections to the Report and Recommendation or a First
13 Amended Petition.
14
15               **RECOMMENDATION**
16      For all of the foregoing reasons, IT IS RECOMMENDED that the Court
17 issue an Order: (1) approving and adopting this Report and Recommendation;
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

- 8 -

1   and (2) directing that Judgment be entered dismissing the instant Petition with

2   prejudice as barred by the statute of limitations set forth in 28 U.S.C.

3   § 2244(d)(1).

4

5   DATED: *January 18, 2006*

6

7                                              JEFFREY W. JOHNSON
                                               United States Magistrate Judge
8

9

                                    __NOTICE__

10          Reports and Recommendations are not appealable to the Court of

11   Appeals, but may be subject to the right of any party to file Objections as

     provided in the Local Rules and review by the District Judge whose initials
12
     appear in the docket number.  No Notice of Appeal pursuant to the Federal
13   Rules of Appellate Procedure should be filed until entry of the Judgment of the
     District Court.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28